IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREG DENNIS HOLBERT,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>DR. FERDINAN ALVAREZ, et. al.,<br><br>　　　　Defendants. | No. C 15-01687 BLF (PR)<br><br>**ORDER SETTING BRIEFING SCHEDULE** |

Plaintiff, a state prisoner, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 alleging that doctors at San Quentin State Prison were deliberately indifferent to his serious medical needs. Liberally construed, the complaint states a cognizable claim under the Eighth Amendment. (*See* Docket No. 6 at 2.) The matter was reassigned to this Court on November 16, 2015, after all parties had not consented to magistrate judge jurisdiction.[1] (*See* Docket Nos. 13, 14.) Briefing shall now proceed as set forth below.

///

///

---

[1] Waivers of Service were returned executed from each of the three Defendants in this action, but no consent to magistrate jurisdiction was filed. (Docket Nos. 10, 11 & 12.)

# CONCLUSION

For the reasons stated above, the Court orders as follows:

1. No later than **sixty (60) days** from the date of this order, Defendants shall file a motion for summary judgment or other dispositive motion with respect to the claims in the complaint found to be cognizable above.

   a. Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure. Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute. If Defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the Court prior to the date the summary judgment motion is due.

   b. **In the event Defendants file a motion for summary judgment, the Ninth Circuit has held that Plaintiff must be concurrently provided the appropriate warnings under *Rand v. Rowland*, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). *See Woods v. Carey*, 684 F.3d 934, 940 (9th Cir. 2012).**[2]

2. Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than **twenty-eight (28) days** from the date Defendants' motion is filed.

Plaintiff is also advised to read Rule 56 of the Federal Rules of Civil Procedure and *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) (holding party opposing summary

---

[2] If Defendants assert that Plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), Defendants must raise such argument in a motion for summary judgment, pursuant to the Ninth Circuit's recent opinion in *Albino v. Baca*, 747 F.3d 1162 (9th Cir. 2014) (en banc) (overruling *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003), which held that failure to exhaust available administrative remedies under the Prison Litigation Reform Act, should be raised by a defendant as an unenumerated Rule 12(b) motion). Such a motion should also incorporate a modified *Wyatt* notice in light of *Albino*. *See Wyatt*, 315 F.3d at 1120 n.14; *Stratton v. Buck*, 697 F.3d 1004, 1008 (9th Cir. 2012).

judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is advised that a motion for summary judgment under Rule 56 will, if granted, end your case. Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact — that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. *Rand*, 154 F.3d at 962–63 (App. A).

(The *Rand* notice above does not excuse Defendants' obligation to serve said notice again concurrently with a motion for summary judgment. *Woods*, 684 F.3d at 939).

Plaintiff is cautioned that failure to file an opposition to Defendants' motion for summary judgment may be deemed to be a consent by Plaintiff to the granting of the motion, and granting of judgment against Plaintiff without a trial. *See Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (per curiam); *Brydges v. Lewis*, 18 F.3d 651, 653 (9th Cir. 1994).

3. Defendants *shall* file a reply brief no later than **fourteen (14) days** after Plaintiff's opposition is filed.

4. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

5.   All communications by the Plaintiff with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or Defendants' counsel.

6.   Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

7.   It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

8.   Extensions of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

**IT IS SO ORDERED.**

DATED: Dec 4, 2015

BETH LABSON FREEMAN
United States District Judge